**SO ORDERED.**

**SIGNED this 19 day of June, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

WILLIAM NEIL WARD,                              CASE NO. 11-05148-8-JRL

    DEBTOR.
                                                CHAPTER 7

AUTOMOTIVE FINANCE CORP.,

    PLAINTIFF,
                                                ADVERSARY PROCEEDING
    v.                                          NO. 11-00333-8-JRL

WILLIAM NEIL WARD,

    DEFENDANT.

**ORDER**

    This matter came before the court on the plaintiff's motion for partial summary judgment. A hearing was held in Raleigh, North Carolina, on June 13, 2012.

    The debtor filed a voluntary petition for protection under chapter 7 of the Bankruptcy Code on July 1, 2011. On October 6, 2011, the plaintiff filed the complaint that commenced this adversary proceeding. That complaint sought a determination that a debt owed by the debtor to

1

the plaintiff was nondischargeable under multiple provisions of § 523 of the Bankruptcy Code. The debtor answered the complaint on December 21, 2011, and the plaintiff filed a motion for partial summary judgment on April 2, 2012, based only on its allegations under § 523(a)(6).

## UNDISPUTED FACTS

The debtor's car dealership borrowed money from the plaintiff to purchase cars as part of a floor plan financing agreement. This agreement permitted the dealership to borrow funds, use those funds to purchase cars from manufacturers, and then place those cars in the showroom as inventory for sale. The plaintiff held a lien on each car that it financed in the amount that the dealership borrowed to purchase the car. When the dealership sold the car, the agreement required that it pay off the lien within 72 hours of the sale. The debtor individually guarantied the obligations of the dealership under the floor plan agreement. The parties generally adhered to this arrangement for several years.

The debtor encountered financial difficulty which eventually led to his filing for bankruptcy protection. During this time, the dealership sold four of the cars purchased subject to the financing agreement and did not pay off the liens encumbering them.

At the hearing, the debtor offered testimony that establishes the value of the cars sold that were subject to the plaintiff's lien.[1] The four cars, two Mercedes-Benzes and two BMWs sold for $10,100, $18,997, $12,750, and $10,762, respectively, for a total of $52,609. The liens encumbering the four cars were in the amounts of $22,593.69, $30,966.16, $27,376.56, and

---

[1] Because it is unclear that the debtor's counsel had notice of the requests for admission, the debtor's failure to respond did not give rise to admission under FED. R. CIV. P. 36(a)(3), made applicable by FED. R. BANKR. P. 7036; rebuttal testimony by the debtor was permitted at the hearing under FED. R. CIV. P. 43(c), made applicable by FED. R. BANKR. P. 9017.

$27,151.75, respectively, for a total of $108,088.16. The plaintiff seeks to make this amount nondischargeable.

## DISCUSSION

Summary judgment under FED. R. CIV. P. 56(c), made applicable by FED. R. BANKR. P. 7056, is appropriate where the pleadings and evidence show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett ex rel. Estate of Catrett, 477 U.S. 317, 322 (1986). The court must construe the facts in the light most favorable to the non-moving party. State Auto Prop. & Cas. Ins. Co.v. Travelers Indem. Co., 343 F.3d 249, 254 (4th Cir. 2003).

Section 523(a)(6) of the Bankruptcy Code denies a debtor of a discharge for any debt "for willful and malicious injury by the debtor to another entity." 11 U.S.C. § 523(a)(6). The burden is on the plaintiff to prove a willful and malicious injury on a preponderance of the evidence. United States v. Buck (In re Buck), 406 B.R. 703, 706 (Bankr. E.D.N.C. 2009).

This court has held that the sale of property subject to a lien without the lienholder's consent constitutes a "willful and malicious injury" for the purposes of § 523(a)(6). Id. at 705–06. This is in line with the interpretation that intentional injuries to the property of others, including use or sale without authority, constitute willful and malicious injuries. See Kawaauhau v. Geiger, 523 U.S. 57, 63–64 (1998) (citing McIntyre v. Kavanaugh, 242 U.S. 138, 141 (1916) (holding that conversion constituted a willful and malicious injury within the meaning of the exception to discharge in § 17(2) of the Bankruptcy Act)).

Because § 523(a)(6) excepts from discharge debts "for willful and malicious injury," the debt in question must be for damages in tort, not in contract. See, e.g., Am. Nat'l Bank v. Clark

3

(In re Clark), 30 B.R. 685, 687–88 (Bankr. W.D. Okla. 1983) (dictum).  Thus, where property subject to a lien is sold without the consent of the lienholder, the amount of the nondischargeable claim is the lesser of the value of the lien and the value of the property sold.  Central Fidelity Bank v. Higginbotham (In re Higginbotham), 117 B.R. 211, 216 (Bankr. E.D. Va. 1990).

The debtor converted the plaintiff's collateral, a willful and malicious injury.  He knew and understood that the terms of the floor financing agreement required payment within 72 hours, but failed to comply after he sold the four cars.  Because the injury in this case was the conversion of the plaintiff's collateral, the debt owed by the debtor for it is the value of the property sold, as it is less than the value of the liens.  This value is established by the four cars' auction values, $52,609.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for partial summary judgment is **ALLOWED**, and the amount excepted from discharge is $52,609.  In the event that the plaintiff takes a voluntary dismissal of its other causes of action under § 523, the clerk is directed to, then, enter a final judgment in accordance with this order.

**END OF DOCUMENT**